# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie Burnett, Michael Burnett, and B.B., | Case No. 16-cv-01137-JNE-KMM |
| Plaintiffs, | |
| v. | **REPORT AND** |
| GlaxoSmithKline LLC, McKesson Corporation, and Target Corporation, | **RECOMMENDATION** |
| Defendants. | |

Julie Burnett and Michael Burnett, 20551 Cypress Drive, Farmington, MN 55024, plaintiffs pro se

Patrick H. O'Neill, Jr., Esq., and Stephanie L. Chandler, Esq., Larson King LLP, counsel for McKesson Corporation

Jerry W. Blackwell, Esq., and Charmaine K. Harris, Esq., Blackwell Burke PA, counsel for GlaxoSmithKline LLC

Gerald H. Bren, Esq., and Daniel S. Allen, Esq., Fisher Bren Sheridan LLP, counsel for Target Corporation

---

This is a products liability lawsuit in which the plaintiffs Julie Burnett, Michael Burnett, and B.B.[1] (collectively "the Burnetts") seek to recover damages allegedly

---

[1] Neither Julie nor Michael Burnett is an attorney. Neither is represented by an attorney in this litigation. As a result, neither were permitted to bring this action on behalf of their child B.B. *Vargason v. Dep't of Human Servs.*, No. 13-518-DWF-LIB, 2013 WL 1315090, at *1 n.1 (D. Minn. Mar. 7, 2013) ("However, a parent cannot bring an action in federal court for the benefit of a minor child, unless the parent is represented by an attorney.") (citing *Myers v. Loudon County Pub. Schools*, 418 F.3d 395,

(Footnote continued on following page)

caused by the minor B.B.'s prenatal exposure to the prescription drug Zofran. (ECF No. 2-1, Compl. at 4.) Before this court are the plaintiffs' motion for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) (ECF No. 5), and Julie Burnett's second motion for dismissal without prejudice under Rule 41(a)(2) (ECF No. 31).[2] For the reasons that follow, this court recommends that this matter be dismissed without prejudice.

## I. Background

### The First Suit—*Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806

Before this action began, the Burnetts served GlaxoSmithKline and McKesson with an earlier state-court complaint naming McKesson and GlaxoSmithKline as defendants (the "first suit"). (ECF No. 1, O'Neill Decl. ¶¶ 2-3.) GlaxoSmithKline removed the first suit to the United States District Court for the District of

---

(Footnote continued from previous page)
401 (4th Cir. 2005), and *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam)). The practical effect of this is that B.B. cannot be a party in this litigation unless B.B. is represented by counsel.

[2] The District Court referred the Burnetts' first motion for voluntary dismissal to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(A), (B), and (C). (ECF No. 13.) Julie Burnett seeks the same relief in the motion at ECF No. 7, and this court construes the District Court's order of reference to apply to both requests.

Defendants Target and McKesson also filed a joint motion for an extension of time to answer or otherwise respond to the plaintiff's amended complaint and to stay all proceedings pending transfer to an MDL proceeding. (ECF No. 7.) Because this court recommends that the unopposed motion to dismiss without prejudice be granted, this court also recommends that the defendants' motion be denied as moot.

2

Minnesota. (*Id.* ¶ 3 (citing *Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806-MJD-BRT, ECF No. 1 (D. Minn. filed Mar. 28, 2016)).) After the first suit was removed, the Burnetts filed multiple notices of voluntary dismissal without prejudice, and amendments of those notices, citing Rule 41(a)(1). *Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806-MJD-BRT, ECF Nos. 14, 16, 17, 19, 20, and 23. On April 11, 2016, United States District Judge Michael J. Davis dismissed Julie Burnett from the first suit without prejudice and informed her that, as a pro se plaintiff, she was "not allowed to dismiss a complaint for other Plaintiffs in a case." *Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806-MJD-BRT, ECF No. 18. Judge Davis also explained that "Michael Burnett and B.B. must sign off and file a voluntary dismissal in order to be dismissed from the case." *Id.* On April 22, 2016, after Michael Burnett and B.B. added their own notices of voluntary dismissal to the record, Judge Davis entered an order dismissing the remaining plaintiffs without prejudice, *id.*, Case No. 0:16-cv-806-MJD-BRT, ECF No. 24, and the first suit was closed.

**The March 31, 2016 "Amended Complaint"**

Before the first suit was closed, on March 31, 2016, the Burnetts[3] mailed an "Amended Complaint" to McKesson and Target, the latter of which had not been made a party to the first suit. Julie Burnett also filed the March 31, 2016 "Amended

---

[3]   The March 31, 2016 "Amended Complaint" was "signed" by both Julie Burnett and Michael Burnett with the following notation: "*/s/Julie Burnett & Michael Burnett*." *Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806-MJD-BRT, ECF No. 14-1 at 48 (D. Minn. Apr. 6, 2016); (ECF No. 2-1 at 47 (same)).

3

Complaint"[4] in the first suit.  However, when she did so, she included it as an attachment to the first notice of voluntary dismissal she filed and referred to the attachment as a "Copy of State Court Complaint".  *Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806-MJD-BRT, ECF No. 14 & 14-1 (D. Minn. Apr. 6, 2016).  There is no indication that the March 31, 2016 "Amended Complaint" had any bearing on the outcome of the first suit.

The unusual circumstances surrounding the Burnetts' introduction of the March 31, 2016 "Amended Complaint" do not end there.  During a June 6, 2016 telephonic status conference with this court, Julie Burnett indicated that when she mailed the March 31, 2016 "Amended Complaint" to McKesson and Target, she did not intend to start a new lawsuit.  In the Burnetts' first motion to dismiss in this case, they assert that "[t]he action before the court today is in effect the same action that was before this court on March 28th, 2016 and later dismissed and closed on April 12, 2016."  (ECF No. 5.)  In addition, according to the declaration of McKesson's counsel filed along with the notice of removal in this action, "Ms. Burnett had

---

[4]  The "Amended Complaint" attached to Julie Burnett's first notice of voluntary dismissal that she filed in the first suit appears to be identical to the original pleading that was removed by McKesson to this Court on April 29, 2016. *Compare Burnett v. GlaxoSmithKline*, Case No. 0:16-cv-806-MJD-BRT, ECF No. 14-1 (D. Minn. Apr. 6, 2016), *with Burnett v. McKesson*, Case No. 0:16-cv-1137-JNE-KMM, ECF No. 2-1 (D. Minn. Apr. 29, 2016); *see also Burnett v. McKesson*, Case No. 0:16-cv-1137-JNE-KMM, ECF No. 2, ¶ 4 (D. Minn. Apr. 29, 2016) ("The instant Amended Complaint is identical to [the original complaint in the first suit] but added Target as a Defendant.").

4

informed [Target's counsel] that there had been a misunderstanding. She said the Voluntary Dismissal she signed on April 6, 2016 (amended April 7, 2016) in [the first suit] was intended also to dismiss the Amended Complaint served on March 31, 2016." (O'Neill Decl. ¶ 7.) In a phone call with McKesson's counsel on April 20, 2016, Ms. Burnett "repeated her intent was to dismiss all three parties at this time, and to have no action pending against [GlaxoSmithKline], McKesson, or Target." (O'Neill Decl. ¶ 8.)

**Target and McKesson React to the March 31, 2016 "Amended Complaint"**

The misunderstanding about the plaintiffs' intentions concerning the March 31, 2016 "Amended Complaint" led Target and McKesson to protect their own interests. For example, although the first suit had not concluded, the plaintiffs' caption in the March 31, 2016 "Amended Complaint" identified the District Court for the State of Minnesota in Hennepin County as the venue for the dispute. (*See* O'Neill Decl. ¶ 4; ECF No. 2-1, Am. Compl.) The "Amended Complaint" named McKesson, Target, and GlaxoSmithKline as defendants. (*Id.*) Having been provided with the "Amended Complaint" for the first time, Target prepared and served a motion to dismiss or strike the pleading, but later conferred with Julie Burnett and learned that plaintiffs would seek to dismiss all parties from any pending litigation. (*Id.* ¶¶ 6-7; ECF No. 2, Notice of Removal ¶ 6.) This was consistent with Ms. Burnett's assertions to the court that she never intended to initiate a second lawsuit.

Later, Target's counsel conferred with Julie Burnett and learned that plaintiffs had intended to dismiss all parties from any pending litigation by mailing the March 31, 2016 "Amended Complaint." (O'Neill Decl. ¶ 7; *see also* ECF No. 2, Notice of Removal ¶ 6.) McKesson also communicated with Julie Burnett about the plaintiffs' intentions to dismiss all of their claims against McKesson, Target, and GlaxoSmithKline. (ECF No. 1-1, Ex. C.) McKesson and Target's counsel attempted to clear up any ambiguity with the Burnetts about the status of any litigation between the parties. Counsel for McKesson and Target talked with Julie Burnett, and together they began to pursue the execution of a new stipulation to dismiss without prejudice all claims against all parties. (Notice of Removal ¶ 7; O'Neill Decl. ¶ 7.) However, faced with what could be construed as a second state-court lawsuit, McKesson determined that its deadline for removing to federal court was approaching, and when the parties' negotiations to effect a stipulation of dismissal without prejudice broke down, McKesson removed the case to federal court on April 29, 2016, with the consent of the other defendants.[5] (Notice of Removal ¶¶ 7-8.) Thus, this second federal case was opened on April 29, 2016.

---

[5] McKesson asserted that federal diversity jurisdiction exists in this new case even though Target is a Minnesota resident. McKesson asserted that the Burnetts joined Target in the action solely for the purpose of defeating diversity jurisdiction and where there was no reasonable basis in fact and law supporting a claim against Target. (Notice of Removal ¶¶ 24-41.)

6

**The Proceedings in this Action**

On May 4, 2016, the Burnetts filed the first of the pending motions to voluntarily dismiss this case without prejudice.[6] (ECF No. 5.) The motion to dismiss was signed by both Julie and Michael Burnett. (*Id.* at 2.) This court held a hearing on the plaintiffs' motion to dismiss and on the defendants' joint motion to extend the time to answer and to stay pending transfer on May 23, 2016. (ECF No. 26.) Of the three named plaintiffs, only Julie Burnett appeared at the hearing.[7] (*Id.*) At the

---

[6] The following day, Target and McKesson filed their joint motion to extend the time to answer and to stay these proceedings pending transfer of this case by the JPML to a consolidated multidistrict proceeding in the United States District Court for the District of Massachusetts—*In re Zofran (Ondansetron) Prods. Liab. Litig.*, MDL No. 1:15-md-2657-FDS (D. Mass. filed Oct. 13, 2015) (hereafter "the *Zofran* MDL"). (ECF No. 7, Defs.' Mot.)

[7] It is possible that Julie Burnett is the only named plaintiff who appeared at the hearing on May 23, 2016 because she also filed a purported amended pleading on May 10, 2016. (ECF No. 15.) In that amended complaint, Julie Burnett was the only named plaintiff in the caption and the only plaintiff to sign the complaint. (*Id.* at 1, 39.) In that document, Ms. Burnett also removed McKesson as a defendant, asserting claims against GlaxoSmithKline and Target only. (*Id.* at 1.) This amended pleading, however, has no effect. Under Federal Rule of Civil Procedure 15(a)(1), when no responsive pleading or pre-answer motion has been filed, a party may amend a complaint once, as a matter of course, within 21 days after the complaint is served. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its complaint only with the other party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). Julie Burnett's purported amendment on May 10, 2016, was filed more than 21 days after plaintiffs served the March 31, 2016 Amended Complaint. There is no indication that defendants consented to the amendment and the court did not grant leave to amend. Moreover, as a pro se party, Julie Burnett could not then, and cannot now, amend a pleading on behalf of any other co-plaintiff, essentially dropping other litigants' claims from the lawsuit. Thus, as the court explained at the May 23, 2016 hearing, Ms. Burnett's proposed amendment of the complaint (ECF No. 15) was not filed in

(Footnote continued on following page)

hearing, Ms. Burnett initially indicated that she wanted the case to be dismissed because she needed additional time to gather information before moving forward with the litigation. Because Ms. Burnett also expressed concerns about the statute of limitations, she indicated no opposition to the entry of a brief stay of these proceedings so that she would have time to consult with an attorney.

Following the May 23, 2016 hearing, the court entered an order temporarily staying this case until June 6, 2016. (ECF No. 27.) The court also sent plaintiffs a letter referring them to the Minnesota Chapter of the Federal Bar Association's Pro Se Project, which attempts to connect volunteer attorneys with pro se litigants in this district for consultation and, occasionally, representation. (ECF No. 27.) The court set a telephone status conference for June 6, 2016, the date the stay would be lifted.

Three days before the telephone status conference was set to take place, on June 3, 2016, Julie Burnett filed a document further asking the court to dismiss this lawsuit. (ECF No. 31.) Julie Burnett was the only plaintiff to sign this document. (*Id.*) In support of this request, Ms. Burnett informed the court that she had attempted to secure counsel through the Pro Se Project coordinator, but had not been able to do so. (*Id.* at 1.) Ms. Burnett indicated that she "[sought] an immediate dismissal" of this case and suggested that further delay would be prejudicial because it

---

(Footnote continued from previous page)
compliance with the Federal Rules of Civil Procedure, and it has no effect on these proceedings.

would increase the likelihood this matter would be transferred to the *Zofran* MDL. (*Id.*)

As noted above, the court held a telephonic status conference on June 6, 2016. During that call, Ms. Burnett confirmed that she was ready to have the case dismissed, and the court suggested that all parties execute a stipulation for dismissal without prejudice, to be executed by all parties, so that this matter could be closed. (ECF No. 33.) On June 7, 2016, Julie Burnett, Michael Burnett, and B.B. (whose mother executed the stipulation on his behalf), signed a Stipulation for Voluntary Dismissal by Court Order. (ECF No. 34.) However, on the very next day, the Burnetts executed a Notice of Plaintiffs' Withdrawal of Stipulation for Voluntary Dismissal by Court Order, which states: "Let this notice serve on June 8th, 2016 that Plaintiffs are withdrawing the motion of Stipulation for Voluntary Dismissal by Court Order pending counsel consultation from Pro Se Project." (ECF No. 35.)

**The Current State of the Proceedings Before the JPML**

After this case was removed, in a notice of potential tag-along actions, GlaxoSmithKline notified the JPML that this case had been filed and requested that it be transferred to the *Zofran* MDL pending in the District of Massachusetts. The JPML issued a conditional transfer order, which plaintiff opposed on May 12, 2016. *In re Zofran (Ondansetron) Prods. Liab. Litig.*, MDL No. 1:15-md-2657-FDS, ECF No. 240 (D. Mass. filed May 16, 2016) (conditional transfer order showing that the

transfer has been opposed as of May 12, 2016).  On August 5, 2016, the JPML issued an order vacating its conditional transfer order reasoning as follows:

> In support of the motion to vacate, plaintiff Burnett argues she filed an unopposed motion to dismiss without prejudice in the transferor court, and the Panel lacks jurisdiction over the action. Since plaintiff Burnett filed the motion to vacate before the Panel, all original plaintiffs to the action and defendants have stipulated to dismiss the action in the District of Minnesota. All plaintiffs later withdrew that stipulation and then sought to appeal part of the stipulation to the Eighth Circuit, arguing that the court "should have been satisfied" with a previous voluntary dismissal filed by Ms. Burnett, who is the only plaintiff named in an amended complaint. A subsequent brief submitted by plaintiff Burnett to the Panel suggests that she still wishes to dismiss her case. Thus, it appears that dismissal may take place in short order without the need for Section 1407 transfer. Therefore, we will grant the motion to vacate, but if *Burnett* is not dismissed and the case proceeds in the District of Minnesota, the parties are directed to notify the Panel.

(ECF No. 44.)

## II.   Discussion

The somewhat complicated procedural history described above shows that the plaintiffs want this action to be dismissed without prejudice.  Though at one point the plaintiffs withdrew a stipulation to dismiss this case without prejudice, they have since made clear dismissal is the result desired.  Moreover, the record is clear that the plaintiffs had no intention of commencing this second lawsuit at all.  The record also clearly demonstrates that defendants have no objection to a dismissal of this case without prejudice.  For these and the additional reasons identified below, this matter should be dismissed.

**Fed. R. Civ. P. 41(a)(1)(A) and 41(a)(1)(B)**

When Julie and Michael Burnett filed their first motion to dismiss without prejudice, no defendant had answered or served a motion for summary judgment. As a result, the plaintiffs could have filed a notice of voluntary dismissal that would have been self-executing. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (permitting dismissal without the need for a court order when a party files a notice of voluntary dismissal before being served with an answer or motion for summary judgment). If they had effectively achieved dismissal by self-executing notice when they filed their motion for voluntary dismissal, no further proceedings would have occurred, this case would have closed, and no further discussion would be necessary here.

But the plaintiffs specifically asked for a dismissal pursuant to Rule 41(a)(2). (ECF No. 5 (referencing Rule 41(a)(2)).) It is not clear why the plaintiffs chose to make a motion under Rule 41(a)(2). One possible reason would be to avoid the effect of the so-called "two-dismissal rule" under Rule 41(a)(1)(B). *See Englehardt v. Bell & Howell Co.*, 299 F.2d 480, 482 (8th Cir. 1962) (explaining that under Rule 41(a)(1)(B), when a plaintiff files a self-executing notice of dismissal in an action that is based on the same claim asserted in an earlier case dismissed under Rule 41(a)(1)(A)(i), the second notice of dismissal operates as an adjudication on the merits barring future litigation of that claim).

Certainly, some courts construe such early motions for voluntary dismissal as self-executing notices, despite their captioning as motions. *See, e.g., Ventura-Vera v.*

*Dewitt*, 417 Fed. App'x 591, 591-92 (8th Cir. 2011) (per curiam) (liberally construing the plaintiff's "motion to dismiss" as a notice based on his clear indication that he "inten[ded] to dismiss [certain] claims in his complaint"); *Miller v. Wayne*, No. 14-cv-4997-JRT-JSM, 2015 WL 2353021, at *1 (D. Minn. May 15, 2015) (construing pro se plaintiff's motion to dismiss as a notice of dismissal without prejudice under Rule 41(a)(1)(A)(i) where defendants had not answered or moved for summary judgment, but had instead moved to dismiss under Rule 12); *but see Greenwood Chamber of Commerce v. City of Tulsa*, No. 13-cv-339-TCK-TLW, 2014 WL 1056611, at *1-2 & n.2 (N.D. Okla. Mar. 18, 2014) (noting that the plaintiffs could have dismissed their claims by filing a Rule 41(a)(1) notice but analyzing the plaintiffs' motion under the standards applicable Rule 41(a)(2) motions for voluntary dismissal).

  Here, the court recommends against construing the plaintiffs' motion as a self-executing notice. Construing the motion as a self-executing notice under Rule 41(a)(1)(A)(i) could unfairly trigger operation of the two-dismissal rule despite the plaintiffs' choice to seek dismissal by motion. Such an extreme result would be unduly harsh given that the genesis of this case seems to have been a misunderstanding between a pro se litigant (Ms. Burnett) and the lawyers representing the defendants. To the extent this record is clear in any respect, it demonstrates that Ms. Burnett did not intend to start a second lawsuit. Moreover, the defendants have agreed that the second dismissal could be without prejudice (*see* ECF Nos. 16, 18), a

reality possibly undermined if the court were to treat the motion as a Rule 41(a)(1)(A)(i) notice.

In light of these circumstances, it would be unjust to treat the plaintiffs' motion for dismissal under Rule 41(a)(2) as a self-executing notice.

**Fed. R. Civ. P. 41(a)(2)**

In evaluating whether to allow a party to dismiss its claims under Rule 41(a)(2), the Eighth Circuit Court of Appeals has offered district courts the following instruction:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213–14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (internal citations omitted)).

Applying these factors supports a conclusion that this case should be dismissed without prejudice under Rule 41(a)(2). At the hearing on the motion to dismiss, Julie Burnett offered a proper explanation for the plaintiffs' desire for this action to be dismissed. Specifically, she indicated a need to conduct additional investigation and gather relevant information before bringing suit. Further, the pleadings in this case

are not yet closed and the court has not invested so much of its time in this litigation that allowing dismissal would be wasteful.  Nor do the plaintiffs appear to be blatantly forum shopping to take advantage of a court that might apply more favorable rules to their claims.  Moreover, both McKesson and Target have indicated that they have no opposition to this matter being dismissed, a request they repeated in a joint letter filed on June 17, 2016.  (ECF No. 36.)  Therefore, a dismissal will not unfairly prejudice the defendants.  Thus, based on the considerations noted in *Thatcher*, the court concludes that dismissal without prejudice under Rule 41(a)(2) is proper.  Allowing the plaintiffs to voluntarily dismiss this action without prejudice also makes sense in light of the fact that they likely never intended to start a second piece of litigation at all.  Accordingly, the court will recommend that the motion to voluntarily dismiss be granted and this matter be dismissed without prejudice.

One final subject, namely the plaintiffs' withdrawal of their stipulation to dismiss, deserves some additional discussion here.  After filing their motion to dismiss, based on this court's request, the plaintiffs executed a stipulation of dismissal and withdrew it the following day.  If this were the end of the story, the record might be less clear whether the plaintiffs actually want this action to be dismissed.  However, throughout the litigation, the plaintiffs have overwhelmingly informed the court that they do not want this litigation to proceed, and the JPML's recent order vacating the conditional transfer to the *Zofran* MDL confirms that they still desire such an outcome.  Specifically, the Panel's order explains that *after* the plaintiffs withdrew the

stipulation filed in this case, Julie Burnett informed the Panel that "she still wishes to dismiss her case." (ECF No. 44.)  Moreover, it appears that the withdrawal of the stipulation had more to do with a mistaken belief that Julie Burnett had effectively amended the pleading on April 10, 2016 so that it was unnecessary for any other co-plaintiff to also seek dismissal of his claims.  (*See* ECF No. 37, Notice of Appeal.)  As described above, *see* note 7, *supra*, that attempted amendment was not effective.  Thus, the fact that the plaintiffs earlier withdrew a stipulation to dismiss this matter does not change the court's recommendation that this matter should be dismissed without prejudice pursuant to Rule 41(a)(2).

### III. Conclusion and Recommendation

The plaintiffs' motion under Rule 41(a)(2) seeking dismissal of this case without prejudice should be granted.  Plaintiffs provided proper grounds for seeking dismissal, they are not engaged in blatant forum shopping, dismissal will not waste judicial time and effort, and there is no prejudice to the defendants.  As a result, McKesson and Target's motion to stay this matter should be denied as moot.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' motion for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) (ECF No. 5) be **GRANTED**.  Plaintiff Julie Burnett's second motion for dismissal without prejudice under Rule 41(a)(2) (ECF No. 31) be **DENIED AS MOOT**.

2. Defendants Target and McKesson's joint motion for an extension of time to answer or otherwise respond to the plaintiff's amended

complaint and to stay all proceedings pending transfer to an MDL proceeding (ECF No. 7) be **DENIED AS MOOT**.

3. This matter should be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2).

Date: August 10, 2016

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.